**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND and KENNETH R. BOYD, RONALD E. POWELL, ROBERT WILSON, BRIAN JORDAN, BRYAN SMITH, and KEVIN J. BECKERLE, Trustees, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13-cv-00302 |
| v. | ) ) | Judge John W. Darrah |
| DANZ, INC., d/b/a BROWN'S COUNTY MARKET, and DANIEL E. BROWN, an individual, | ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR AGREED JUDGMENT ORDER**

Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Kenneth R. Boyd, Ronald E. Powell, Robert Wilson, Brian Jordan, Bryan Smith, and Kevin J. Beckerle, Trustees ("Trustees") (collectively, "Plaintiffs"), and Defendants, Danz, Inc., d/b/a Brown's County Market ("Danz") and Daniel E. Brown ("Brown") (collectively, "Defendants"), by their respective attorneys, move this Honorable Court to enter an agreed judgment in favor of the Plaintiffs and against Defendant Danz, Inc. ("Danz") in the sum of $718,963.22. In support of this motion, the Parties state as follows:

1.	The Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 et seq., to collect withdrawal

1

liability, interest and penalties incurred by Danz as a result of the complete withdrawal from the Pension Fund.

2.      The Pension Fund is a multi-employer pension plan within the meaning of 29 U.S.C. §§1002 (37) and 1301 (a) (3).

3.      The Trustees are trustees of the Pension Fund within the meaning of 29 U.S.C. §1301 (a) (10).

4.      Pursuant to 29 U.S.C. §§1132 (a) (3), 1451 (a) (1) and 4221 (b) (1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

5.      Danz is an Illinois Corporation doing business as Brown's County Market at 600 Pearson Drive, Genoa, Illinois, and is an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. §1002 (5).

6.      Brown's Supermarket, Inc. ("Brown's Supermarket") is an Illinois Corporation doing business as Brown's County Market at 403 E. State Street, Sycamore, Illinois, and is an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. §1002 (5).

7.      At all relevant times, Brown's Supermarket was a party to a collective-bargaining agreement with United Food and Commercial Workers Local Union 1546 ("Brown's CBA"), under which Brown's Supermarket was required to make contributions to the Pension Fund on behalf of certain of its employees.

8.      The Pension Fund determined that on or about October 26, 2011, Brown's Supermarket permanently ceased to have an obligation to contribute to the Pension Fund

and permanently ceased all covered operations, thereby effecting a "complete withdrawal," within the meaning of 29 U.S.C. §1383.

9.  As a result of this complete withdrawal and pursuant to 29 U.S.C. §1391 (b), the Pension Fund determined that Brown's Supermarket incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $553,899.00.

10.  On or about October 26, 2011, and again on or about September 11, 2012, Brown's Supermarket received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§1382 (2) and 1399 (b) (1) and (c) (5) (A).

11.  Defendant Brown is the sole shareholder of both Brown's Supermarket and Danz (collectively, "Brown Controlled Group"), which are trades or businesses in "common control, and are considered a single employer" as defined in 29 U.S.C. §1301 (b) (1).

12.  The Brown Controlled Group did not timely initiate arbitration pursuant to 29 U.S.C. §1401 (a) (1), and failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of 29 U.S.C. §1399 (c) (5).

13.  Danz has not filed an answer or otherwise pled to the First Amended Complaint and, instead, has agreed to the entry of a final judgment in favor of the Plaintiffs and against Danz in the sum of $718,963.22, representing withdrawal liability, interest, liquidated damages, and reasonable attorney fees and costs, all as set for the in the affidavit and declaration attached hereto.

WHEREFORE, Plaintiffs and Danz pray that this Honorable Court grant their

Motion for Agreed Judgment in favor of the Plaintiffs and against Danz, in the amount of

$718,963.22.

Respectfully Submitted,


/s/ Jonathan D. Karmel
Jonathan D. Karmel, Attorney for Plaintiffs


THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 2900
Chicago, IL 60601
(312) 641-2910


/s/ John S. Biallas
John Steven Biallas, Attorney for Danz, Inc.


John Steven Biallas
Attorney at Law
3 N. 918 Sunrise Lane
St. Charles, IL 60174
(630) 513-7878

### CERTIFICATE OF SERVICE

Jonathan D. Karmel, an attorney, on oath states that he caused a copy of the foregoing Plaintiff's **MOTION FOR AGREED JUDGMENT** to be served on the individual below by filing the foregoing electronically using the CM/ECF filing system on this 25th day November, 2013:

John S. Biallas
Attorney At Law
3N918 Sunrise Lane
St. Charles, Ill 60174


/s/ Jonathan D. Karmel
Jonathan D. Karmel


THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 2900
Chicago, IL 60601
(312) 641-2910